IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CR-12-166-D |
| | ) | (No. CIV-16-78-D) |
| MICHAEL JAY HOOD, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant Michael Jay Hood's Motion to Vacate, Set Aside or Correct a Federal Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 114]. The Motion is combined with a supporting brief and accompanied by Defendant's affidavit [Doc. No. 114-1]. The government has filed a response [Doc. No. 119] with an affidavit of Defendant's trial counsel, Assistant Federal Public Defender Paul Antonio Lacy [Doc. No. 119-1], and investigative reports regarding a potential witness [Doc. No. 119-2 and 119-3]. The Court appointed counsel to assist Defendant with the Motion in light of a claim for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* Order Appointing Counsel [Doc. No. 122]. Defendant, through counsel, has filed a reply brief [Doc. No. 129] and a Notice of Supplemental Authority [Doc. No. 130]. For reasons that follow, the Court finds that no hearing is needed and that the Motion should be granted in part and denied in part on the existing record.[1]

---

[1] No evidentiary hearing is needed where the existing record conclusively shows the defendant is not entitled to relief. *See United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); 28 U.S.C. § 2255(b).

**Factual and Procedural History**

Defendant stands convicted by a jury of two violations of 18 U.S.C. § 922(g)(1) as charged in the Second Superseding Indictment filed October 2, 2012. The Court appointed Mr. Lacy, an experienced defense attorney, to represent Defendant at his initial appearance on a criminal complaint filed May 18, 2012. Defendant was initially charged by the single-count Indictment filed July 10, 2012; a second charge was added by the Superseding Indictment filed September 4, 2012.

The first § 922(g)(1) charge of being a felon in possession of a firearm was based on events of March 14, 2012, in which police detectives encountered Defendant at an apartment complex in Oklahoma City, Oklahoma, while they were investigating a string of burglaries. Defendant did not match a description of the suspect, but the detectives stopped and detained him after he ran from the area near an apartment where the suspect lived. Defendant moved to suppress a pistol found in the pocket of his jacket and other evidence allegedly obtained in violation of the Fourth Amendment. The Court denied the motion after an evidentiary hearing, finding that no Fourth Amendment violation occurred because the officers were allowed to conduct an investigatory detention or *Terry*[2] stop of Defendant (supported by reasonable suspicion) and the concealed handgun found during the stop provided probable cause for his arrest. *See* Findings of Fact, Conclusions of Law & Order [Doc. No. 58] at 7, 9 (hereafter "10/4/12 Order").

---

[2] *Terry v. Ohio*, 392 U.S. 1 (1968).

The second § 922(g)(1) charge of being a felon in possession of component parts of ammunition involved an unrelated incident on June 6, 2012, in which Defendant allegedly shot an individual in the leg. The circumstances of the shooting were relevant only to the extent of proving that Defendant possessed ammunition at the time of the incident.

After denial of the motion to suppress, Defendant made other pretrial filings in preparation for trial, including a motion to exclude evidence of the burglary investigation and other evidence that the government proposed for admission under Fed. R. Evid. 404(b). The Court was not persuaded by the motion with regard to the burglary investigation but reserved a ruling on other evidentiary issues. *See* Order of Oct. 12, 2012 [Doc. No. 69]. The case proceeded to a jury trial that spanned four days. Despite Mr. Lacy's skill and advocacy, Defendant was found guilty on both counts.

Before trial, the government had given notice of seeking a sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). A presentence investigation and completed presentence report confirmed Defendant's extensive criminal history. The Court conducted a sentencing hearing on July 25, 2013, to resolve Defendant's numerous objections, including a challenge to the ACCA enhancement. As pertinent here, the Court found that three felony convictions qualified as predicate ACCA offenses, two serious drug offenses and one violent felony. The violent felony was a 1985 state court conviction of pointing a firearm at a person in violation of Okla. Stat. tit. 21, § 1289.16. The Court's ACCA ruling increased Defendant's sentence to a mandatory minimum prison term of 15 years and a maximum penalty of life imprisonment, *see* 18

U.S.C. § 924(e)(1), and resulted in an advisory guideline range of imprisonment of 262-327 months. The Court imposed a prison sentence of 262 months.

Defendant appealed, and the court of appeals appointed a different attorney to represent him. On direct appeal, Defendant challenged the Fourth Amendment suppression ruling, the evidentiary ruling on admissibility of Rule 404(b) evidence, and the ACCA determination that Defendant's 1985 conviction constituted a "violent felony" as defined by 18 U.S.C. § 924(e)(2)(B)(i), because an element of the offense of pointing a firearm was "the use, attempted use, or threatened use of physical force against the person of another." The Tenth Circuit affirmed on all issues. *See United States v. Hood*, 774 F.3d 638 (10th Cir. 2014), *cert. denied*, 135 S. Ct. 2370 (2015).

### Defendant's Motion

In the § 2255 Motion,[3] Defendant claims that his trial counsel, Mr. Lacy, provided ineffective assistance in that (1) he failed to call a potential witness, Nashonda Hughes, to testify regarding the Fourth Amendment issues, and (2) he failed to investigate or present evidence "to establish a 'diminished capacity' defense" that "would have resulted in a downward departure in sentencing." *See* Def.'s Mot. [Doc. No. 114] at 5. Defendant also claims in two separate but related grounds for relief that his sentence was improperly enhanced under the ACCA because his 1985 conviction of pointing a firearm does not constitute a "violent felony." *See id*. at 7, 11. Defendant invokes in his supporting

---

[3] The government concedes the Motion was timely filed within one year from the date on which Defendant's conviction became final upon the denial of certiorari review. *See* 28 U.S.C. § 2255(f)(1).

4

argument the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[4]  Defendant also argues that the statute of conviction, Okla. Stat. tit. 21, § 1289.16, is "categorically overbroad" and cannot serve as a predicate ACCA offense because the crime covers conduct that would not qualify as a "violent felony" under § 924(e)(2)(B)(i).  *See* Def.'s Mot. at 11-12.  Although this argument is not supported by any citation of legal authority, Defendant explains through counsel in his reply brief that this claim challenges the use of the "modified categorical approach" in violation of principles set forth in *Descamps v. United States*, 133 S. Ct. 2276 (2013), to determine that Defendant's pointing-a-firearm offense was a violent felony.  *See* Def.'s Reply Br. [Doc. No. 129] at 7-10.  Defendant has provided supplemental notice of support for his position in *United States v. Titties*, 852 F.3d 1257 (10th Cir. 2017).

### Ineffective Assistance of Counsel

**A.      Standard of Decision**

> Ineffective assistance of counsel claims are . . . guided by the now familiar *Strickland* test.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under this test, a petitioner must show that "his trial counsel committed serious errors in light of 'prevailing professional norms' and that there is a 'reasonable probability' that the outcome would have been different had those errors not occurred."  *United States v.*

---

[4] Defendant also invokes an earlier Supreme Court decision, *Curtis Johnson v. United States*, 559 U.S. 133 (2010), which determined the degree of "physical force" required to satisfy § 924(e)(2)(B)(i).  Although Defendant facially argues that his pointing-a-firearm conviction did not meet this requirement, he actually challenges the validity of the underlying conviction; he asserts that "he was justified in pointing a weapon" and the prosecution did not meet its "burden to show that [he] did not act in self-defense."  *See* Def.'s Mot. at 9.  The law is clear that a § 2255 motion is not a proper vehicle to challenge the validity of a prior state conviction used to enhance a federal sentence.  *See Daniels v. United States*, 532 U.S. 374, 382 (2001) ("the defendant may not collaterally attack his prior conviction through a motion under § 2255").  Therefore, this argument is disregarded.

>*Haddock*, 12 F.3d 950, 955 (10th Cir. 1993) (*quoting Strickland*, 466 U.S. at 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

*United States v. Mora*, 293 F.3d 1213, 1217 (10th Cir. 2002); *see Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Young v. Sirmons*, 486 F.3d 655, 674-75 (10th Cir. 2007); *see also United States v. Barrett*, 797 F.3d 1207, 1214 (10th Cir. 2015) (defendant must show his counsel's performance was "completely unreasonable, not merely wrong"). "An insufficient showing on either element is fatal to an ineffective-assistance claim, rendering consideration of the other element unnecessary." *Smith v. Duckworth*, 824 F.3d 1233, 1249 (10th Cir. 2016); *see Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011).

The Supreme Court explained in *Strickland* the "highly deferential" degree of scrutiny to be applied to an attorney's strategic decisions:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689. Regarding an attorney's decisions as to the scope or nature of an investigation, the Court in *Strickland* further stated:

> [C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Id*. at 690-91.

B.  **Application**

   1.  **Failure to Call a Fact Witness**

As a general rule, "trial counsel's informed decision not to call a particular witness is a tactical decision and thus a matter of discretion for counsel."  *Newmiller v. Raemisch*, 877 F.3d 1178, 1198 (10th Cir. 2017).  Defendant makes no allegations that would warrant a deviation from this rule.  The Court finds that Defendant's complaint about Mr. Lacy's trial performance concerns a matter of strategy about which Mr. Lacy exercised reasonable professional judgment.  Therefore, the Court finds Mr. Lacy's performance was not deficient simply because he did not call Nashonda Hughes to testify regarding the Fourth Amendment issues presented for decision at the suppression hearing.

Further, Defendant provides no factual basis to support his assertion that Ms. Hughes' testimony would have been favorable to his position regarding the Fourth Amendment issues or material to the Court's determination of those issues.  He does not provide an affidavit from Ms. Hughes or any evidence of what testimony she might have given.  From argument in his brief, Defendant apparently believes Ms. Hughes would say "she could not have seen [him] exiting an apartment when the police were searching for another person."  *See* Def.'s Mot. at 4 (internal quotation omitted).  The evidence presented at the hearing on Defendant's motion to suppress the gun seized on March 14, 2012, easily established reasonable suspicion to make a *Terry* stop, regardless whether he was fleeing from the apartment that the police detectives were surveilling.  *See* 10/4/12 Order at 6-7 (stating as a pertinent fact only that "Defendant might be the fleeing person").

7

The substantial question presented was whether the stop was a warrantless arrest. *Id*. at 7. Ms. Hughes' testimony would have no bearing on this issue. Thus, Defendant offers no showing that he was prejudiced by counsel's tactical decision.

> 2. **Pretrial Investigation and Preparation for Sentencing**

Similarly, from the Motion and the existing record in this case, the Court finds no substantial allegation or any showing by Defendant that Mr. Lacy failed to make a reasonable investigation into a mental health issue bearing on a defense or sentence-mitigation issue. The record is clear that Mr. Lacy knew of Defendant's childhood head injury, seizures, and history of a mental health diagnosis, as well as Defendant's extensive history of drug abuse. These matters were included in the presentence investigation report. Defendant alleges no facts to show that additional mitigating information could have been discovered if Mr. Lacy had pursued these matters further, or that any omitted information would have been pertinent to any trial or sentencing issues.

The offenses of conviction are general intent crimes, requiring proof only that Defendant knowingly possessed the prohibited items. *See United States v. Williams*, 403 F.3d 1188, 1194 (10th Cir. 2005). Defendant does not claim a degree of impairment that would have prevented him from forming this intent. Defendant cites a provision of the Sentencing Guidelines permitting a downward departure for an individual with a diminished mental capacity, § 5K2.13, but Defendant's allegations are insufficient to support the application of this guideline. He simply makes a speculative argument that a mental health evaluation might have yielded information that would have caused him to

receive a lesser sentence. *See* Def.'s Mot. at 6. Contrary to Defendant's contentions, Mr. Lacy provided strong and effective advocacy at sentencing, and obtained favorable rulings that resulted in a significant reduction of Defendant's advisory guideline range.[5]

For these reasons, Defendant has failed to substantiate his claim that Mr. Lacy provided ineffective assistance with regard to pretrial or trial proceedings, trial preparation, or sentencing.

## ACCA Sentencing Enhancement

**A.     Defendant's Claim under *Johnson***

**1.     Standard of Decision**

In *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), the Supreme Court declared unconstitutionally vague a part of the ACCA's definition of "violent felony" commonly referred to as the "residual clause," which expanded a list of enumerated offenses to include any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *See* § 924(e)(2)(B)(ii).[6] While invalidating the residual clause, the Supreme Court expressly stated in *Johnson* that its ruling did "not call into question application of the [ACCA] to . . . the remainder of the Act's definition of a violent felony." *Johnson*, 135 S. Ct. at 2563. Thus, in asserting a *Johnson* claim regarding his prior conviction of pointing a weapon, Defendant first bears the burden "to

---

[5] The Court sustained an objection that reduced the advisory guideline range from 292-365 months to 262-327 months. Also, the Court imposed a sentence at the bottom of the range.

[6] The Supreme Court subsequently determined that *Johnson* applies retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

9

show by a preponderance of the evidence – *i.e.*, that it is more likely than not – his claim relies on *Johnson*," that is, "the sentencing court used the residual clause to enhance his sentence regarding his . . . pointing-a-weapon conviction." *See United States v. Washington*, 890 F.3d 891, 896 (10th Cir. 2018); *see also United States v. Driscoll*, No. 16-8118, 2018 WL 2976271, *6 (10th Cir. June 14, 2018) (to be published).

   2.   **Application**

The record is clear in this case that the elements clause (also known as the physical force clause) – not the residual clause – was used to decide the applicability of the ACCA to enhance Defendant's sentence. *See Hood*, 774 F.3d at 645 n.3 ("the government disclaimed any reliance on the residual clause to establish any of Hood's prior felonies as 'violent felonies' under the ACCA"). Thus, Defendant's claim under *Johnson* plainly lacks merit.

B.   **Defendant's Claim under *Descamps***

   1.   **Standard of Decision**

Instead of asserting a true *Johnson* claim, Defendant claims that both this Court, and the Tenth Circuit on direct appeal, erred in using the modified categorical approach to determine that his felony offense under § 1289.16 qualified as a violent felony under the elements clause of the ACCA. Defendant cites the Supreme Court's opinion in *Descamps*, which was further developed in *Mathis v. United States*, 136 S. Ct. 2243 (2016). The Supreme Court's post-sentencing decision in *Mathis* has been applied in recent appellate court decisions, and the Tenth Circuit has ruled in Defendant's favor on the

10

precise issue presented by this part of his Motion. In *United States v. Titties*, 852 F.3d 1257, 1268-69 (10th Cir. 2017), the Tenth Circuit held that "*Mathis* shows we erred in *Hood*" and the categorical approach rather than the modified categorical approach must be used in applying the ACCA's elements clause to § 1289.16. Under the correct analysis, "§ 1289.16 is not an ACCA violent felony." *Id*. at 1268. Thus, it is now clear that the Tenth Circuit's decision affirming Defendant's ACCA sentence was abrogated by *Mathis*. *See also Washington*, 890 F.3d at 900 (*Mathis* abrogated *Hood*).

### 2. Application

In opposition to Defendant's § 2255 Motion on this issue, the government relies solely on the law-of-the-case doctrine. *See* Govt's Resp. Br. [Doc. No. 119] at 12-13, 23. Under this doctrine, "courts ordinarily would refuse to reconsider arguments presented in a § 2255 motion that were raised and adjudicated on direct appeal," but one well-recognized exception is "when controlling authority has subsequently made a contrary decision of the law applicable to such issues." *United States v. Trent*, 884 F.3d 985, 994-95 (10th Cir. 2018) (internal quotations omitted). Accordingly, due to the intervening change in controlling law announced in *Titties*, the Court finds that Defendant's objection to the law-of-the-case doctrine is well taken.

Arguably, there may be another obstacle to application of *Mathis* to Defendant's § 2255 Motion, that is, the question of whether *Mathis* should apply retroactively to cases on collateral review. The court of appeals has stated in prior unpublished cases that *Mathis* may not be applied retroactively to criminal judgments that have become final on

direct review. *See*, *e.g.*, *United States v. Taylor*, 672 F. App'x 860, 865 (10th Cir. 2016) (unpublished) ("*Mathis* did not announce a new rule" that applied retroactively). More recently, the Tenth Circuit has treated the issue of *Mathis*'s retroactivity as undecided and has declined to reach it. *See*, *e.g.*, *United States v. Burtons*, 696 F. App'x 372, 376 (10th Cir. 2017). For the same reasons stated in *Burtons*, this Court also declines to reach the issue of retroactivity in the context of this case. The issue has not been raised or briefed by the parties. Further, "retroactivity is an affirmative defense that the government may forfeit or waive." *Id*. at 376 n.2 (citing *Schiro v. Farley*, 510 U.S. 222, 229 (1994)).

In this case, Defendant provided notice of the *Titties* decision soon after it was decided. The government has not asked to respond or to provide further briefing on the impact of *Titties* or *Mathis* on Defendant's Motion. The Court will not raise the issue *sua sponte*.

**Conclusion**

For these reasons, the Court finds that Defendant is not entitled to relief from his convictions or sentence based on ineffective assistance of counsel but he is entitled to relief from his prison sentence because the ACCA is inapplicable. Without the ACCA enhancement, the maximum penalty on each of his two § 922(g) convictions is a prison term of 10 years or 120 months; even consecutive sentences would not reach the 262-month sentence imposed.

The Court further finds that the appropriate remedy under § 2255(b) is to resentence Defendant. To accomplish this, the Court will direct the probation office to prepare a new

presentence investigation report, and when the report has been completed, the parties will be notified of the date and time of a new sentencing hearing.

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 114] is GRANTED in part and DENIED in part as set forth herein.

IT IS FURTHER ORDERED that the case is referred to the probation office for preparation of a revised presentence investigation report in light of this Order. The probation office is directed to prepare a revised presentence investigation report, disclose it to the parties, and submit it to the Court pursuant to Fed. R. Crim. P. 32. The Court will set a resentencing hearing as soon as practicable after the presentence report is completed.

IT IS SO ORDERED this 19th day of June, 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE